[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF MICHAEL P. CONNAIR, M.D.
In the above-captioned case, the plaintiff physicians assert that the defendant Anthem Health Plans, Inc. ("Anthem") has breached its agreements with them in various ways, including, inter alia, failing to pay them for services in timely fashion, arbitrarily denying payment for services, failing to maintain adequate administrative services, and failing to communicate its procedures adequately.
On October 24, 2000, Anthem served plaintiff Michael Connair with interrogatories and requests to produce documents. Dr. Connair responded on May 16, 2001. Dr. Connair filed no objection to any of the discovery requests. Anthem complains that the responses are incomplete and seeks an order compelling Dr. Connair to comply. The specific claims of noncompliance are set forth and ruled upon below.
1. Failure to identify persons with knowledge of claims
Many of Anthem's interrogatories asked this plaintiff to identify all persons with knowledge of particular claims made in the complaint. Dr. Connair identified four such persons.
In his November 18, 2002, response to the motion to compel, he identified ten additional such persons. Presumably, he intends to supplement in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules.
The court has no way of determining that this plaintiff has failed to include all persons with knowledge of the facts at issue. If indeed there are additional such persons, Dr. Connair takes the very real risk that he will be barred from presenting such additional witnesses at trial. The defendant is entitled to conduct discovery, include depositions, in an CT Page 486 orderly fashion rather than on the eve of trial. Any supplementation of the response to these questions must be filed in proper form by May 1, 2003.
2. Failure to provide specific answers
Anthem asked the plaintiffs to "set forth each and every fact upon which plaintiffs base (their) allegations" that "Anthem failed to provide . . . a consistent medical utilization/quality management and administration of covered services by paying financial incentive and performance bonuses to providers and Anthem BC and BS staff members involved in making utilization management decisions." Dr. Connair stated that he did not have that information, but that his counsel advised him that documents received from Anthem include instances, with no indication whether these instances support his own claim or the claims of other plaintiffs. Dr. Connair's duty is to supply answers from his own knowledge, not to interrogate his counsel concerning their work product from sources other than his own knowledge. P.B. § 13-2.
2. Answers Referring to Irrelevant Documents
Anthem complains that in answer to Interrogatories 1, 2, 4-7, 9 and 18 2(a) Dr. Connair's response was "Too numerous to document, Explanation of Benefits (EOBs) will be provided." Anthem states that EOBs contain no information about financial incentives, a plausible statement given the nature of a document titled Explanation of Benefits. While Dr. Connair may thus have been proven to have erroneously identified documents that are only tangentially related to the issue, such over-inclusion does not constitute noncompliance. The observation that the responsive documents are "too numerous to document," however, may indicate noncompliance. If Dr. Connair's terse statement means that he has many responsive documents but finds production too burdensome, then he has failed to comply with his duty to respond fully. If he has such documents in his possession, custody or control and fails to identify and produce them, he faces the probable sanction that he will not be permitted to introduce such documents at trial and therefore will not be able to prove his claims. In his brief in opposition to the motion to compel, he has stated that "Plaintiff believes answer is sufficient at this time." This statement apparently presumes that Dr. Connair may withhold responsive information until such time as he chooses to supply it. The defendant is entitled to receive discovery responses in time to investigate and counter them. Trial of this case is scheduled for January 2004. Any supplemental responses must be supplied in the form required by P.B. §§ 13-7 and 13-10, and supplementation shall be completed no later than May 1, 2003. CT Page 487
3. Blanket References to EOB forms
Interrogatories 1, 2, 4-7, 9, and 18 request that this plaintiff identify documents that support specific allegations. Dr. Connair has responded by referring Anthem to EOB's, without indicating any documents that will demonstrate any discrepancy between the EOB and the payment that this plaintiff asserts was correct. He has also responded "Too numerous to document." If he has responsive documents in his possession and fails to identify and produce them, he faces the probable sanction that he will not be permitted to introduce such documents at trial and therefore will not be able to prove his claims. Any supplemental responses must be supplied in the form required by P.B. §§ 13-7 and 13-10, and supplementation shall be completed by May 1, 2003.
4. Blanket References to His Deposition Transcript and DepositionExhibits
Dr. Connair has responded to Interrogatories 1-7, 9, 12, 13, 14, 15, 16, 17, 18, 19, 21, 26, and document request 10, by referring Anthem to the entire transcript of his deposition, thirteen exhibits thereto, fifty-seven pages of additional documents, and "a privilege log of documents." Anthem notes that Dr. Connair was deposed in two sessions and that the transcripts total 327 pages.
While a response may take the form of a reference to a document, the specific portions of the document where the information sought actually appears must be identified with particularity. The court finds that responses that refer to an entire deposition that covers topics not confined to the single topic of the interrogatory are unresponsive. This plaintiff is ordered to provide a specific response no later than May 1, 2003.
1. sic Alleged failure to provide all documents concerning improperpayment for services
Anthem alleges that Dr. Connair has not identified and provided all documents responsive to Interrogatories 1(c) 4-7 (c), 9(c), 10(c) and requests for production 1-4, 8, and 14. Dr. Connair has responded that the documents are either "too numerous to document" or "will be provided . . ." A party may not, by such a response, seek to extend indefinitely the time to furnish the information and documents requested. The plaintiff is ordered to provide specific responses and to produce all responsive documents no later than May 1, 2003.
Conclusion
CT Page 488
The court finds that plaintiff Connair has failed to respond to those discovery items to which he has answered by reference to entire transcripts of depositions. He shall file a specific response, which may take the form of a reference to a deposition only if he identifies the page number that contains a specific answer to the interrogatory. He has failed to complete production of documents, as is detailed above, and he shall produce all responsive documents.
In order to ensure that responses are not supplemented in a manner that unfairly limits the defendant's ability to counter them, the court orders that all supplemental responses shall be provided to Anthem no later than May 1, 2003.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 489